UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

BRENDA LEE MILLER,

                              Plaintiff,

        -vs-

ANDREW SAUL,
Commissioner of Social Security,

                              Defendant.

DECISION AND ORDER
18-CV-6654-MJP

_____

## INTRODUCTION

**Pedersen, M.J.** Plaintiff Brenda Lee Miller ("Plaintiff") brings this action pursuant to Section 205(g) of the Social Security Act, 42 U.S.C. § 405(g) and § 383(c)(3) seeking judicial review of a final decision of the Commissioner of Social Security ("Commissioner") denying her application for Supplemental Security Income ("SSI") benefits. Pursuant to 28 U.S.C. § 636(c) the parties have consented to the disposition of this case by a United States magistrate judge. (ECF No. 16.)

Presently before the Court are cross-motions for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. (ECF Nos. 10 & 14.) For the reasons set forth below, this matter must be remanded for a rehearing.

## PROCEDURAL BACKGROUND

On August 28, 2015, Plaintiff protectively filed an application for SSI. (Record[1] ("R.") 88.) Plaintiff alleged disability beginning on January 1, 2001, including PTSD, bipolar disorder, personality disorder, arthritis, carpel tunnel, asthma, fibromyalgia. (R. 201, 213 & 217.) The Social Security Administration denied Plaintiff's claim on December 14, 2015. (R. 87–101.) On March 10, 2017, a hearing was held before an Administrative Law Judge ("A.L.J."), who conducted a videoconference hearing from Falls Church, Virginia (R. 27–28; 58–86.) Plaintiff participated in the hearing from Rochester, New York. (R. 28.) Plaintiff did not have any representation during the hearing. (R. 28 & 60.) A vocational expert also testified at the hearing (R. 29 & 60.)

The A.L.J. issued an unfavorable decision on June 28, 2017, finding that Plaintiff had the following severe impairments: "arthralgia and myalgia; depression; and anxiety (20 CFR 416.920(c)." (R. 30.) Nevertheless, the A.L.J. determined that Plaintiff was able to

> perform light work as defined in 20 CFR 416.967(b) except she is prohibited from climbing ladders, ropes, and scaffolds. She is further limited to occasional climbing of ramps and stairs, balancing, stooping, kneeling, crouching, and crawling. She would need to avoid hazardous machinery, unprotected heights, and open flames as well as slippery and uneven surfaces. She also would need to avoid concentrated exposure to irritants such as fumes, odors, dust, gases, and poorly ventilated areas . . . Additionally, she is limited to doing simple routine, repetitive tasks. She is further limited to work in a low stress job defined as being free of fast-paced production requirements, no hazardous

---

[1] Record refers to the filed Transcript, ECF No. 8, February 21, 2019.

2

conditions, occasional decision-making required, and occasional changes in the work setting. Finally, she is limited to occasional interaction with coworkers, supervisors, and the general public.

(R. 33.)

Plaintiff appealed to the Social Security Administration's Appeals Council and that body denied her request for review on July 6, 2018, making the A.L.J.'s decision the Commissioner's final decision. (R. 1–4.) Plaintiff filed this lawsuit on September 14, 2018.

## STANDARD OF REVIEW

Title 42 U.S.C. § 405(g) grants jurisdiction to district courts to hear claims based on the denial of Social Security benefits. Section 405(g) provides that the District Court "shall have the power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." 42 U.S.C. § 405(g) (2007). It directs that when considering a claim, the Court must accept the findings of fact made by the Commissioner, provided that such findings are supported by substantial evidence in the record. Substantial evidence is defined as "'more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Richardson v. Perales*, 402 U.S. 389 (1971) (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)); *see also Metro. Stevedore Co. v. Rambo,* 521 U.S. 121, 149 (1997).

To determine whether substantial evidence supports the Commissioner's findings, the Court must "examine the entire record, including contradictory evidence and evidence from which conflicting inferences can be drawn." *Brown v. Apfel*, 174 F.3d 59, 62 (2d Cir. 1999) (quoting *Mongeur v. Heckler*, 722 F.2d 1033, 1038 (2d Cir. 1983) (per curiam)). Section 405(g) limits the scope of the Court's review to two inquiries: whether the Commissioner's findings were supported by substantial evidence in the record, and whether the Commissioner's conclusions are based upon an erroneous legal standard. *Green-Younger v. Barnhart*, 335 F.3d 99, 105-06 (2d Cir. 2003); *see also Mongeur*, 722 F.2d at 1038 (finding a reviewing court does not try a benefits case *de novo*).

A person is disabled for the purposes of SSI and disability benefits if he or she is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423(d)(1)(A) & 1382c(a)(3)(A). In assessing whether a claimant is disabled, the A.L.J. must employ a five-step sequential analysis. *See Berry v. Schweiker*, 675 F.2d 464, 467 (2d Cir. 1982) (*per curiam*). The five steps are:

(1) whether the claimant is currently engaged in substantial gainful activity;

4

(2) if not, whether the claimant has any "severe impairment" that "significantly limits [the claimant's] physical or mental ability to do basic work activities";

(3) if so, whether any of the claimant's severe impairments meets or equals one of the impairments listed in Appendix 1 of Subpart P of Part 404 of the relevant regulations;

(4) if not, whether despite the claimant's severe impairments, the claimant retains the residual functional capacity [("RFC")] to perform his past work; and

(5) if not, whether the claimant retains the [RFC] to perform any other work that exists in significant numbers in the national economy.

20 C.F.R. §§ 404.1520(a)(4)(i)(v) & 416.920(a)(4)(i)(v); *Berry v. Schweiker*, 675 F.2d at 467. "The claimant bears the burden of proving his or her case at steps one through four[;] . . . [a]t step five the burden shifts to the Commissioner to 'show there is other gainful work in the national economy [which] the claimant could perform.'" *Butts v. Barnhart*, 388 F.3d 377, 383 (2d Cir. 2004) (quoting *Balsamo v. Chater*, 142 F.3d 75, 80 (2d Cir. 1998)).

## ANALYSIS

Plaintiff raises four issues for the Court's review, asserting that:

1. The A.L.J. improperly evaluated evidence of multiple conditions and limiting effects;

2. The A.L.J. improperly selectively read and otherwise improperly evaluated opinions and record;

3. The A.L.J. failed to protect the plaintiff's *pro se* rights; and

4. The Appeals Council improperly disallowed new and material evidence.

(Pl.'s Mem. of Law, dated April 22, 2019, ECF No. 10-1 at 2.) For the reasons explained below, the Court finds that this matter must be remanded.

5

***The A.L.J. Improperly Evaluated the Opinion Evidence in the Record Regarding Plaintiff's Mental Impairments.***

In reviewing the A.L.J.'s analysis of the opinion evidence related to Plaintiff's mental impairments it is impossible for this Court to decipher whether the mental portion of the RFC was based upon substantial evidence. In determining Plaintiff's mental RFC, the A.L.J. addressed the opinions of Katelyn Scott, LMHC, Yu-Ying Lin, Ph.D., an examining psychologist, and Mautherine Louis, MSW, a treating therapist. (R. 37–38.)

With respect to both Ms. Scott's and Ms. Louis's opinion statements, the A.L.J. rightly indicates that they are not acceptable medical sources, but discounts both of their opinions asserting that, "[o]nly 'acceptable medical sources' can give medical opinions." (R. 37, 38.) The A.L.J. cited to 20 C.F.R. 404.1527(a)(2) and 416.927(a)(2) in support of this claim.[2] This is perplexing because in reading the A.L.J.'s statement in context of the decision, it appears as though he is saying that Ms. Scott's and Ms. Louis's opinions are not "medical opinions," which is not accurate. (*Id.*) Moreover, the A.L.J. appears to ignore a portion of those same regulations, which provides

> (f) Opinions from medical sources who are not acceptable medical sources and from nonmedical sources.
>
> > (1) Consideration. Opinions from medical sources who are not acceptable medical sources and from nonmedical sources may reflect the source's judgment about some of the same issues addressed in medical opinions from acceptable medical sources. <u>Although we will consider</u>

---

[2] While confusing, it appears that the A.L.J. meant to cite to 20 C.F.R. 404.1527(a)(1) and 416.927(a)(1), which provides that "[m]edical opinions are statements from acceptable medical sources."

> these opinions using the same factors as listed in paragraph (c)(1) through (c)(6) in this section, not every factor for weighing opinion evidence will apply in every case because the evaluation of an opinion from a medical source who is not an acceptable medical source or from a nonmedical source depends on the particular facts in each case. Depending on the particular facts in a case, and after applying the factors for weighing opinion evidence, an opinion from a medical source who is not an acceptable medical source or from a nonmedical source may outweigh the medical opinion of an acceptable medical source, including the medical opinion of a treating source. For example, it may be appropriate to give more weight to the opinion of a medical source who is not an acceptable medical source if he or she has seen the individual more often than the treating source, has provided better supporting evidence and a better explanation for the opinion, and the opinion is more consistent with the evidence as a whole.

20 C.F.R. §§ 404.1527(f)(1) and 416.927(f)(1) (emphasis added).

Accordingly, the A.L.J. was incorrect in summarily concluding that since Ms. Scott and Ms. Louis do not qualify as acceptable medical sources, they cannot provide opinions that must be considered. To the extent that the A.L.J. discounted their opinions on this basis, which is not clear from the decision, it was error.

Moreover, pursuant to 20 C.F.R. §§ 404.1527(f)(2) and 416.927(f)(2), an A.L.J. "generally should explain the weight given to opinions from these sources or otherwise ensure that the discussion of the evidence in the determination or decision allows a claimant or subsequent reviewer to follow the adjudicator's reasoning, when such opinions may have an effect on the outcome of the case." The A.L.J. failed to do this with respect to the six county psychological assessments for employability completed by Ms. Scott. (R. 338,

7

342, 346, 350, 354 and 358.) The A.L.J. acknowledged that Ms. Scott was a "treating mental health counselor." (R. 37.) In his decision, the A.L.J. engages in a critique of Ms. Scott's assessments, but fails to indicate what weight, if any, he assigned to those assessments in his decision.[3] *Id.*; *see Ivey v. Barnhart*, 393 F. Supp. 2d 387, 389–390 (E.D.N.C. 2005) (case remanded, in part, where A.L.J. failed to assess weight given to claimant's mother's testimony, which was relevant to claims of disability); *Farnsworth v. Astrue*, 604 F. Supp. 2d 828, 836 (N.D.W. Va. 2009) ("In making his or her findings, an A.L.J. must explicitly indicate the weight given to all of the relevant evidence.") This is particularly important here because, if given weight, Ms. Scott's assessments could have affected the outcome of the case given the significant mental impairments she attributed to Plaintiff on six separate occasions over the span of two years.

The Commissioner's post-hoc argument that "[d]espite discounting Ms. Scott's opinions, the A.L.J. did not ignore Plaintiff's credible mental limitations, but rather included the significant mental RFC restrictions" is not credible. (Comm'r Mem. of Law at 23, Jul. 19, 2019, ECF No. 14-1.) The Commissioner glosses over the fact that the A.L.J. did not assign a weight to Ms. Scott's assessments. Instead, the Commissioner states that the A.L.J. discounted Ms. Scott's opinions and attempts to fix this glaring error by baselessly asserting that the A.L.J. considered Plaintiff's "credible mental

---

[3] Despite the fact that Ms. Louis also does not qualify as an acceptable medical source, the A.L.J. still assigned a weight to her opinion, albeit giving it "little weight." (R. 38.)

limitations" (presumably referring to those contained in Ms. Scott's assessments given the context of the Commissioner's statement) in the mental RFC restrictions. (Comm'r Mem. of Law at 24.) However, the A.L.J. does not indicate that he took Ms. Scott's opinions into consideration when determining the RFC. Counsel for the Commissioner's argument must be rejected.

The A.L.J.'s apparent discounting of the opinions of Ms. Scott and Ms. Louis on the grounds that they are not acceptable medical providers was error. In addition, the A.L.J.'s failure to indicate what, if any, weight he assigned to Ms. Scott's assessments renders it impossible for the Court to determine if the A.L.J.'s mental RFC was based upon substantial evidence. The forgoing errors require reversal and remand. Since remand is required, the Court need not address the other arguments advanced by Plaintiff in support of her motion.

## CONCLUSION

For the foregoing reasons, Plaintiff's motion for judgment on the pleadings (ECF No. 10) is granted and the Commissioner's motion for judgment on the pleadings (ECF No. 14) is denied. The case is remanded pursuant to the fourth sentence of 42 U.S.C. § 405(g) for an expedited hearing. The Clerk of the Court is directed to enter judgment in favor of the Plaintiff and close this case.

**IT IS SO ORDERED.**

DATED:      March 25, 2020
            Rochester, New York

                                            <u>/s/ Mark W. Pedersen</u>
                                            MARK W. PEDERSEN
                                            United States Magistrate Judge